IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JILL A. COX, individually and
as Administrator and Personal
Representative of the Estate
of JACOB ELI HIVELY, deceased,

    Plaintiff,

v.                                                 Civil Action No. 1:10CV3
                                                              (STAMP)

THE TRAVELERS COMPANIES, INC.,
(a/k/a St. Paul Fire and Marine
Insurance Company, Travelers
Insurance and/or Travelers),
a foreign insurance company
doing business in West Virginia,
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY
(a/k/a St. Paul Fire and Marine
Insurance Company, Travelers
and/or Travelers Insurance),
a foreign insurance company
doing business in West Virginia,
RUMMELS OILFIELD SERVICES, INC.
(a/k/a Rummel's Oilfield Services,
Inc. and/or Keith Rummel
d/b/a Rummel's Oilfield Services),
a foreign corporation doing
business in West Virginia,
ELIZABETH E. ADAMS, JOHN DOE(S) #1
and JOHN DOE(S) #2,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT THE TRAVELERS COMPANIES AND
DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
RENEWED MOTION TO DISMISS AND
DENYING DEFENDANT THE TRAVELERS COMPANIES AND
DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
ALTERNATIVE MOTION TO TRANSFER VENUE**

I.  Procedural History

The plaintiff, Jill A. Cox, filed a complaint in the Circuit Court of Monongalia County, West Virginia, individually and as administrator and personal representative of the Estate of Jacob Eli Hively, deceased against The Travelers Companies, Inc. ("Travelers"), St. Paul Fire and Marine Insurance Company ("St. Paul"), Rummel's Oilfield Services ("Rummel's"), Elizabeth Adams, and John Doe(s) #1 and John Doe(s) #2.  The defendants thereafter removed this civil action to this Court.  Defendant Travelers and defendant St. Paul filed a motion to dismiss or transfer, which this Court denied without prejudice.[1]  The defendants then filed a renewed motion to dismiss or transfer venue, to which the plaintiff responded and defendants replied.

Specifically, Travelers and St. Paul request that this Court dismiss the plaintiff's complaint for improper venue pursuant to 28 U.S.C. § 1406(a) or, alternatively, to transfer the case to the Western District of Pennsylvania in the interests of justice pursuant to 28 U.S.C. § 1404(a).

The issues presented in the defendants' motions are now fully briefed and ripe for decision.  After a review of the parties' memoranda and the applicable law, this Court finds that Travelers

---

[1] The defendants' original motion to dismiss did not comply with this Court's local rule requiring a supporting memorandum to accompany a dispositive motion.

2

and St. Paul's motion to dismiss for improper venue and motion to transfer must be denied.

## II. Facts[2]

On September 20, 2009, at approximately 2:00 a.m., the plaintiff's son, Jacob Eli Hively, was driving south in the southbound lane of Interstate 79 in Greene County, Pennsylvania. Defendant Elizabeth Adams, allegedly intoxicated, was driving north in the southbound lane when she collided with Hively's vehicle. Hively died from injuries suffered in the collision. Adams drove a 1995 Chevrolet Silverado pickup truck owned by defendant Rummel's, allegedly with Rummel's permission and within the scope of her employment. The plaintiff states that Travelers and/or St. Paul issued a commercial automobile liability policy to Rummel's, which was in full force and effect at the time of the collision.

## III. Applicable Law

### A. Venue

Where jurisdiction of a civil action is based solely on diversity of citizenship, 28 U.S.C. § 1391 provides that the action may be brought (1) where any defendant resides if all defendants reside in the same state, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or (3) where any defendant is subject to personal jurisdiction at the time the

---

[2]For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

action is commenced, "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Of course, venue may be proper in multiple districts. However, in determining whether events or omissions are sufficiently substantial to support venue, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action, but should review the entire sequence of events underlying the claim. Id.

B. Transfer

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil

Corp. v. Gilbert, 330 U.S. 501, 508 (1947)(superceded by statute on other grounds).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

IV. Discussion

A. Venue

Travelers and St. Paul bring their motion to dismiss pursuant to 28 U.S.C. § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . . such case . . ."

Travelers and St. Paul argue that venue was improper in the Circuit Court of Monongalia County, West Virginia pursuant to West Virginia Code § 56-1-1(a), thus they contend venue is improper in this Court. This Court does not agree. A federal district court relies exclusively upon federal law in determining whether venue is proper. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 27-28 (1988). Accordingly, this Court construes the defendant's renewed motion to dismiss for improper venue as a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(3), motion to dismiss for improper venue, and looks to 28 U.S.C. § 1391(a) to determine whether venue is proper. As noted above, for purposes of venue, a corporation is deemed to reside in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Thus, for a corporate defendant, if the requirements of personal jurisdiction are met in a district, then venue is proper.

Under a "long-arm" statute, such as West Virginia Code § 56-3-33,[3] a state may enable its courts to exercise personal

---

[3]Section 56-3-33 states, in pertinent part:

(a) The engaging by a nonresident, or by his duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state . . . for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of

6

jurisdiction over non-residents that commit certain acts within the state, or certain acts outside of the state, that have caused injury within the state. See Lozinski v. Lozinski, 408 S.E.2d 310, 315 (W. Va. 1991) ("The intent and benefit of any long-arm statute is to permit the secretary of state to accept process on behalf of a nonresident and to view such substituted acceptance as conferring personal jurisdiction over the nonresident."). Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal

---

> such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:
>
>> (1) Transacting any business in this state;
>> (2) Contracting to supply services or things in this state;
>> . . .
>> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (b) When jurisdiction over a nonresident is based solely upon the provisions of this section, <u>only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her</u>.

W. Va. Code § 56-3-33 (emphasis added).

7

jurisdiction. In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Instead, the "statutory inquiry merges with the Constitutional injury," and this Court must determine whether exercising personal jurisdiction is consistent with the due process clause. Id. at 628; see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).

Due process requires that a defendant receive adequate notice of the suit and be subject to the personal jurisdiction of the court. Id. (citations omitted). The exercise of personal jurisdiction over a non-resident defendant is proper only so long as "minimum contacts" exist between the defendant and the forum state, "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Where, as here, the defendants' contacts with the state are not the basis for the suit, then jurisdiction "must arise from the defendants' general, more persistent, but unrelated contacts with the state." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). A plaintiff establishes general jurisdiction by showing that the defendants' activities in the state have been "continuous and systematic." Id. (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)).

Travelers and St. Paul are both licensed to conduct insurance business in West Virginia. Both insurance companies have agents for service of process in West Virginia. Importantly, both insurance companies sell policies and pay claims in West Virginia. Maintaining a license to conduct business and having an agent for service of process is not enough to exercise general personal jurisdiction over a party. Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir. 1971). However, as the Fourth Circuit has recognized, "[a]pplying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another." Id. The plaintiff has presented this Court with evidence that Travelers not only maintains agents in the Northern District of West Virginia, but maintains agents who quote and issue commercial coverage. The plaintiff also attached to her response to the renewed motion to dismiss St. Paul's September 30, 2009 Quarterly Statement, which shows that St. Paul had issued insurance policies and collected premiums in West Virginia totaling over twelve million dollars.

Travelers and St. Paul argue that the fact that they issue policies of insurance in West Virginia is irrelevant because the Rummel's policy was not issued in West Virginia. The defendants misstate the "continuous and systematic" standard. Because Travelers and St. Paul not only have agents for service of process and are licensed to do business in the state, but also actively

sell insurance policies in the state, this Court finds that Travelers and St. Paul are actually exercising the privilege of doing business in West Virginia and are engaging in continuous and systematic contacts with West Virginia. Accordingly, this Court finds that this Court may exercise general personal jurisdiction over Travelers and St. Paul and that, as a result, venue is proper pursuant to 28 U.S.C. § 1391(a).

B. <u>Transfer</u>

In their alternative motion to transfer jurisdiction, Travelers and St. Paul contend that this case is more appropriately tried in the Western District of Pennsylvania. Travelers and St. Paul cite the following in support of its motion: (1) the accident occurred in the Western District of Pennsylvania; (2) the defendants are located in Pennsylvania, Minnesota, and Wyoming; (3) the plaintiff resides in Roane County, West Virginia; and (4) none of the witnesses or relevant documents are located in the Northern District of West Virginia.

After thorough consideration, this Court finds that Travelers and St. Paul have failed to show that the balance of convenience weighs heavily in their favor. With respect to the declaratory judgment portion of this civil action, the ease of access to sources of proof does not support a transfer as the proof will likely consist of the policy at issue and ownership records of the vehicle. As to the underlying action, after the collision,

10

defendant Adams was transported to West Virginia University Hospital in Morgantown. Therefore, records of her alleged intoxication will be obtained through discovery of documents in the Northern District of West Virginia. As to the possibility of a view of the scene, this Court notes that there would be lengthy travel whether the trial is in Pittsburgh, Pennsylvania or Clarksburg, West Virginia. As to the convenience and costs factors, Travelers and St. Paul fall short of the required showing that Clarksburg is less convenient than Pittsburgh. As mentioned above, the plaintiff's choice of forum is accorded considerable weight. Gulf Oil, 330 U.S. at 508. This Court will not deprive the plaintiff of her choice of forum because Travelers and St. Paul prefer to litigate this civil action in Pennsylvania.

In conclusion, this Court finds that, upon weighing the factors for transfer, the balance is strongly in favor of not transferring this action. Accordingly, Travelers and St. Paul's alternative motion to transfer is denied.

## V. Conclusion

For the reasons stated above, defendants The Travelers Companies, Inc. and St. Paul Fire and Marine Insurance Company's renewed motion to dismiss and their alternative motion to transfer venue are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 22, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE