IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JILL A. COX, individually and
as Administrator and Personal
Representative of the Estate
of JACOB ELI HIVELY, deceased,

    Plaintiff,

v.                                              Civil Action No. 1:10CV3
                                                      (STAMP)

THE TRAVELERS COMPANIES, INC.,
(a/k/a St. Paul Fire and Marine
Insurance Company, Travelers
Insurance and/or Travelers),
a foreign insurance company
doing business in West Virginia,
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY
(a/k/a St. Paul Fire and Marine
Insurance Company, Travelers
and/or Travelers Insurance),
a foreign insurance company
doing business in West Virginia,
RUMMELS OILFIELD SERVICES, INC.
(a/k/a Rummel's Oilfield Services,
Inc. and/or Keith Rummel
d/b/a Rummel's Oilfield Services),
a foreign corporation doing
business in West Virginia,
ELIZABETH E. ADAMS, JOHN DOE(S) #1
and JOHN DOE(S) #2,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**
**<u>AS TO RUMMEL'S OWNERSHIP OF THE 2005 SILVERADO;</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>DEFENDANTS THE TRAVELERS COMPANIES, INC.</u>**
**<u>AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S</u>**
**<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

I. Procedural History

The plaintiff in the above-styled civil action, Jill A. Cox, individually and as administrator and personal representative of the Estate of Jacob Eli Hively ("Hively"), deceased, filed a complaint in the Circuit Court of Monongalia County, West Virginia against the defendants Elizabeth E. Adams ("Adams") and Rummels Oilfield Services ("Rummels") for the alleged wrongful death of Jacob Eli Hively. The plaintiff also brings a claim for declaratory relief seeking that this Court declare and adjudicate her rights to liability insurance proceeds under one or more policies of insurance that were sold, underwritten, or issued to Rummels by defendant The Travelers Companies, Inc. ("Travelers") and/or St. Paul Fire and Marine Insurance Company ("St. Paul"). Rummels filed a crossclaim against Adams. Thereafter, defendant Travelers and defendant St. Paul filed a motion to dismiss or transfer, which this Court denied without prejudice.[1] The defendants then filed a renewed motion to dismiss or transfer venue, requesting that this Court dismiss the plaintiff's complaint for improper venue pursuant to 28 U.S.C. § 1406(a) or, alternatively, to transfer the case to the Western District of Pennsylvania in the interests of justice pursuant to 28 U.S.C. § 1404(a). This Court denied that motion to dismiss, or

---

[1]The defendants' original motion to dismiss did not comply with this Court's local rule requiring a supporting memorandum to accompany a dispositive motion.

2

alternatively, to transfer. The plaintiff then filed a motion for summary judgment seeking declaratory judgment as to Rummels' ownership of the 2005 Silverado. The plaintiff states in her motion that she has alleged two separate theories that the 2005 Chevrolet Silverado was a covered automobile. First, that the vehicle was owned by Rummels at the time of the crash and that the Travelers/St. Paul policy expressly provides coverage for "any auto" and secondly, that Adams' "use" of the vehicle was related to her employment with Rummels so as to invoke coverage regardless of whether Rummels owned the vehicle. The plaintiff states that her motion for summary judgment pertains only to the first theory regarding ownership and that summary judgment based upon the second theory is inappropriate at this time. In her conclusion, the plaintiff states that Rummels was the owner of the truck and that this Court "must grant the plaintiff's motion for summary judgment on the issue that the Silverado was a covered vehicle under the St. Paul policy at the time of the fatal crash." Defendants Travelers and St. Paul then filed a cross-motion for summary judgment. These defendants argue that Adams owned the vehicle at the time of the crash and that the insurance policy at issue does not afford coverage for employees operating vehicles owned by the employee at the time of collision. These motions are now fully briefed and ripe for review. For the reasons set forth below, this Court grants the plaintiff's motion for summary judgment as to its

request for declaratory judgment that Rummels was an owner of the 2005 Chevrolet Silverado, but denies the plaintiff's motion for summary judgment as to her request that this Court find that the Silverado was a covered vehicle under the St. Paul policy at the time of the crash.  In addition, this Court grants the defendants' motion for summary judgment that Adams was an owner of the 2005 Chevrolet Silverado, but denies the defendant's motion for summary judgment at this time as to their request that this Court find that the Silverado was not a covered vehicle under the St. Paul policy at the time of the crash.

## II.  Facts

On September 20, 2009, at approximately 2:00 a.m., the plaintiff's son, Jacob Eli Hively, was driving south in the southbound lane of Interstate 79 in Greene County, Pennsylvania. Defendant Elizabeth Adams, allegedly intoxicated, was driving north in the southbound lane when she collided with Hively's vehicle. Hively died from injuries suffered in the collision.  Adams was driving a 2005 Chevrolet Silverado.  It is undisputed that Rummels owned the vehicle prior to December 22, 2008.  On December 22, 2008, Rummels and Adams entered into a written "Contract for Lien" and "Bill of Sale" with regard to the Silverado.  On December 23, 2008, Rummels removed the 2005 Chevrolet Silverado from the "Auto Schedule" of a commercial automobile policy issued by Star Insurance Company.  Defs.' Mot. for Summ. J., Ex. D.  No party

4

provided any evidence as to whether the vehicle was ever a scheduled auto under the Travelers/St. Paul policy. However, the Wyoming certificate of title states Rummels as the owner of the vehicle. Further, Wyoming issued the license plate on the Silverado to Rummels. At the time of the crash, Rummels insured its vehicles under a commercial policy of automobile liability insurance issued by Travelers/St. Paul.[2] The relevant Travelers/St. Paul policy fails to define the term "owner." Also at the time of the crash, Adams had insurance on the Silverado through Progressive Northern Insurance Company.

### III. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot

---

[2]The applicable commercial automobile policy is a St. Paul Fire and Marine Insurance Company policy numbered VK08303601, which no party attached to the briefing. Instead, both parties have referenced and attached to the briefing a form entitled, "Auto Liability Protection 44449 (Rev. 12-93)," which is a part of the St. Paul insurance policy. Pl.'s Mot. for Summ. J., Ex. D. The document states that it is issued by the "St. Paul Travelers Companies, Inc." The plaintiff states she is suing both Travelers and St. Paul because the names of both companies appear on documents relating to the policy.

5

> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

6

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

A. Choice of Law

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Accordingly, this Court will apply West Virginia's choice-of-law rules. In West Virginia, "questions of policy coverage as opposed to liability are governed by conflicts of law principles applicable to contracts." Howe v. Howe, 625 S.E.2d 716, 721 (W. Va. 2005). The West Virginia Supreme Court, however, modified the general rule for contracts choice of law questions "when addressing coverage available under a motor

vehicle policy of insurance." Id. According to this "more significant relationship" test, "[t]he provisions of a motor vehicle policy will ordinarily be construed according to the laws of the state where the policy was issued and the risk insured was principally located, unless another state has a more significant relationship to the transaction and the parties." Syl. pt. 2, Lee v. Saliga, 373 S.E.2d 345 (W. Va. 1988).

In this case, a Wyoming insurance agent issued the policy to defendant Rummels, a Wyoming corporation. The parties believe that Wyoming law applies to the Travelers/St. Paul policy. This Court agrees. Accordingly, this Court will apply the law of Wyoming.

B. <u>Wyoming Motor Vehicle Statutes</u>

The plaintiff and Travelers/St. Paul point this Court to different chapters of Title 31 of the Wyoming Code to determine whether Adams or Rummels owned the 2005 Chevrolet Silverado. Travelers/St. Paul argues that Adams owned the vehicle at the time of the accident pursuant to a conditional sales agreement. Travelers/St. Paul presented a Bill of Sale and Contract for Lien between Adams and Rummels. The Bill of Sale states that Adams purchased the truck for $12,000.00 from Rummels on December 22, 2008. The Contract for Lien states that Rummels would sell the truck to Adams on the condition that the title will not be released to Adams until all payments were made. The payments of $500.00 per month were to be taken out of her paycheck. In addition, the

Contract for Lien required that Adams carry full coverage insurance on the vehicle with Rummels listed as the lien holder on the certificate of insurance. Travelers/St. Paul also produced a document showing that, effective December 23, 2008, Rummels premium changed on a Starr Insurance Company policy because the 2005 Chevrolet Silverado "no longer forms a part of the policy." Travelers/St. Paul directs this Court to the Wyoming Motor Vehicle Safety Responsibility Act ("MVSRA") for the definition of "owner." Wyo. Stat. § 31-9-101. The MVSRA borrows the definition of owner from Wyoming Statute § 31-5-102(a)(xxvi), which states:

> "Owner" means a person who holds the legal title of a vehicle or if a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee . . . then the conditional vendee or lessee . . . shall be deemed the owner for the purpose of this act.

Wyo. Stat. § 31-5-102(a)(xxvi).

The plaintiff contends that Rummels owned the vehicle at the time of the accident by referencing the Title and Registration chapter of the Motor Vehicles statute. This chapter of the statute requires that every owner of a vehicle obtain a certificate of title. With the exception of a few sections inapplicable in this case, "the transferee upon transfer of ownership of a vehicle for which a Wyoming certificate of title is required, shall apply for a certificate of title at the office of a county clerk." Wyo. Stat. § 31-2-101(a). In addition, the code provides that a

9

"certificate of title is prima facie proof of ownership of the vehicle for which the certificate was issued." Wyo. Stat. § 31-2-103(d). The code further requires that a transferor deliver a certificate of title to a transferee at the time the vehicle is delivered. Wyo. Stat. § 31-2-104(a). Finally, the plaintiff points to Wyoming Statute 31-4-101(d), which provides that "No person shall sell or transfer his interest in a vehicle for which a certificate of title is required unless he has obtained a certificate and assigns his interest on the title except as otherwise provided by this act."

The plaintiff contends that this Court must follow the rule of pari materia construction, which provides that "to ascertain the meaning of a given law all statutes relating to the same subject or having the same general purpose shall be read in connection with it as constituting one law." Stringer v. Board of County Comm'rs of Big Horn County, Wyo., 347 P.2d 197, 200 (Wyo. 1959). Therefore, the plaintiff argues that a sale of a vehicle is subject to the requirements of these title statutes and that the alleged conditional sale was void for failure to comply with the title statutes. The plaintiff argues that for this Court to hold that Adams owned the vehicle, this Court would render meaningless the title statutes.

The defendants take a different position, arguing that the doctrine of pari materia has no applicability here and should be

10

used instead where a court attempts to divine the meaning of a statute that is ambiguous on its face. Instead, the defendants contend that where two unambiguous statutes conflict, but speak to different subjects, the statute most apposite to the matter at hand controls. Rock Springs Ford Nissan v. State Bd. of Equalization, 890 P.2d 1100 (Wyo. 1995). Here, the defendants argue that whether the "owner" is covered by motor vehicle liability insurance is a topic explicitly addressed by the MVSRA, not the title and registration chapter, thus the definition of "owner" from the MVSRA must control.

This Court agrees with the plaintiff that it should give consistent meaning to all statutes relating to the same subject matter. Stringer, 347 P.2d at 200. This Court finds that the statutes "must be construed in harmony, else the law of the State would consist of disjointed and unharmonious parts with a conflicting and confusing result." Id.

This Court finds that both Adams and Rummels are owners under the Wyoming Code. In their briefing, neither party references the general definitions provided in Wyoming Statute § 31-1-101. This section includes a definition for both the term "legal owner" and "owner." A "legal owner" means "the person in whose name a valid certificate of title has been issued." Wyo. Stat. § 31-1-101(a)(xiv). "Owner" means:

> (A) The legal owner; or (B) A person, other than a lienholder, having the property in or title to a vehicle

11

including a person entitled to use and possession of a vehicle subject to a security interest in another person but excluding a lessee under a lease not intended as security.

Wyo. Stat. § 31-1-101(xviii).[3] Accordingly, this Court finds that Rummels was the "legal owner" of the vehicle at the time of the accident because it was the person in whose name a valid certificate of title had been issued. This Court also finds that Adams was the "owner" of the vehicle pursuant to Wyoming Statute § 39-1-101(a)(xviii)(B) because she was a person having the property in a vehicle and she was entitled to use and possess the vehicle subject to Rummels' security interest.[4] While Rummels and

---

[3]This Court believes that proper statutory construction provides that the Wyoming legislature allowed for the possibility of two owners of a single vehicle. If the legislature would have intended for the sole owner of a vehicle to be the person who holds title to a vehicle, there would be no reason to have separate definitions of "legal owner" and "owner." For this Court to hold otherwise, it would render meaningless the legislature's definition of "owner" in Title 31 of the Wyoming Code. See DeHerrera v. Herrera, 565 P.2d 479 (Wyo. 1977) ("A statute should be construed in such a fashion that one provision will not destroy another.").

[4]The plaintiff argues that the conditional sales contract between Adams and Rummels is an illusory arrangement that cannot be construed as a valid conditional sales agreement. This Court disagrees. The plaintiff states that because Adams was an employee at will, any promise by Rummels to sell her the vehicle was illusory. The plaintiff cites no law that supports her position. In this case, the Contract for Lien and Bill of Sale stated that Rummels would sell the vehicle to Adams and that Adams would purchase the vehicle. "A bilateral contract is not rendered invalid and unenforceable merely because one party has the right to cancellation while the other does not." Jackson Hole Builders v. Piros, 654 P.2d 120, 122-23 (Wyo. 1982) (quoting Laclede Gas Co. v. Amoco Oil Co., 522 F.2d 33, 36 (8th Cir. 1975)). The plaintiff also states that the Contract for Lien does not contain any promise by Adams to purchase the vehicle and that she was not obligated to

Adams did not follow the title statutes on transfer, the result was that Rummels remained "legal owner" of the car, while Adams became an "owner" pursuant to the conditional sale, subject to Rummels' security interest in the vehicle.  This Court thus concludes that the use of the word "owner" throughout Title 31 of the Wyoming Code is consistent.

C.  Application to Policy at Issue

In their motion for summary judgment, the defendants have referenced express language in the policy which excludes coverage of employees who are owners of an auto under the policy.  The plaintiff contends that discovery is still ongoing in this case and that the plaintiff has alleged several theories of liability against both Adams and Rummels.  This Court will defer ruling on the issue of coverage in light of its holding that both Rummels and Adams owned the vehicle at the time of the collision based on the plaintiff's representations and because no party has presented this Court with the entire St. Paul insurance policy.

---

purchase the vehicle because she could simply quit her employment and have the vehicle repossessed.  This argument is not valid because, in every conditional sales contract, the buyer can simply stop making payments and the seller can repossess the vehicle. See Ekman v. Mountain Motors, Inc., 364 P.2d 998, 999 (Wyo. 1961) (discussing a conditional sales contract where the title holder could repossess the vehicle if the purchaser stopped making payments on the vehicle).

## V. Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment (Document No. 39) is hereby GRANTED IN PART and DENIED IN PART and the defendants' motion for summary judgment (Document No. 47) is hereby GRANTED IN PART and DENIED IN PART. The judgment of this Court as to ownership of the 2005 Chevrolet Silverado at the time of the collision is that both Rummels and Adams were owners of the truck under Wyoming statutes at the time of the collision. Accordingly, both motions for summary judgment are granted as to the issue of ownership. To the extent each motion for summary judgment requests a ruling by this Court as to coverage, the motions are denied at this time without prejudice to raising the issue following any appropriate discovery.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein

DATED: January 14, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE